# State, *ex rel.* Derrick *v.* Hawkins.

### Mandamus.

(Decided February 15, 1917.  74 South. 237.)

1. **Courts; Consolidation by Statute; Legislative Intent.**—The creation of the inferior crimnal court of Madison county by Loc. Acts 1915, p. 381, approved September 16, 1915, shows legislative intent to modify to that extent the consolidation of courts of record into the circuit court by Acts 1915, p. 279, approved August 16, 1915.

2. **Courts; Consolidation by Statute; Legislative Intent.**—Since the inferior criminal court of Madison county, created by Local Acts 1915, p. 381, does not occupy the same field as the county court, re-established by County Court Act (Acts 1915, p. 862), and the only similarity is that each have general jurisdiction of misdemeanors concurrent with the circuit court, and there is the fundamental difference that the inferior criminal court has final jurisdiction, and the partial concurrence of jurisdiction suggests no conflict between the legislative acts, the provision of County Court Act, section 6, repealing all laws in conflict therewith, does not repeal the Inferior Criminal Court Act.

APPEAL from Madison Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Mandamus by the State on relation of Charles Derrick against J. W. B. Hawkins. From a judgment sustaining demurrers to the petition and dismissing the petition on failure of petitioner to plead further, petitioner appeals. Affirmed.

R. E. SMITH for appellant. BETTS & BETTS for appellee.

SOMERVILLE, J.—The only question presented by the record is whether the general "County Court Act," approved September 25, 1915 (Gen. Acts 1915, p. 862), and re-establishing the old system of county courts in all counties having less than 50,000 population, has repealed the act approved September 16, 1915 (Local Sess. Acts 1915, p. 381), which established the 'inferior criminal court of Madison county," so as to abolish that court.

By the general "Court Consolidation Act," approved August 16, 1915 (Gen. Sess. Acts 1915, p. 279), it was provided that: "Every court of record by whatever name called, having the jurisdiction to try civil and criminal cases, or either with juries is hereby consolidated into the circuit court."

[State, ex rel. Derrick v. Hawkins.]

(1) The creation of the inferior criminal court of Madison county—a jury court of record—by the later enactment, evinced a clear and deliberate legislative purpose to thereby modify the general sentence of dissolution pronounced upon similar courts, to the extent at least of perpetuating one memorial of the prescribed and abandoned system. Hence, so far as the theory of a unified system of jury courts is concerned, general legislative policy can lend no force to the implication of repeal by other general enactments.

(2) The inferior criminal court in question has concurrent jurisdiction with the circuit court of all misdemeanors in the county, whether the prosecution is begun by information or indictment; and all such cases remaining undisposed of in the circuit court at the end of each term are to be transeferred to the docket of the inferior court for trial therein. Quarterly jury terms are to be held, and all appeals are to be taken directly to the Supreme Court. On the other hand, the re-established county court, though given jurisdiction of all misdemeanors concurrent with the circuit court, may try only those whose prosecution is begun by information. All cases must be tried by the judge without a jury, and appeals must be taken to the circuit court. Obviously, the only point of contact between the county court and the inferior criminal court is that each has a general jurisdiction of misdemeanors concurrent with the circuit court. The fundamental difference is that the inferior criminal court has final jurisdiction of all prosecutions, however begun, and is, as to its practice, procedure, and records, a duplication of the circuit court, which it is manifestly intended to supplement and aid.

It is therefore entirely clear that the county court is not intended to occupy, and does not occupy, the same field occupied by the inferior criminal court; and equally clear that the partial concurrence of their jurisdictions suggests no conflict between the legislative acts by which they have been severally created. It necessarily follows that the precautionary provision found in section 6 of the "County Court Act," that "all laws, whether local, general or special, in conflict with the provisions of this act be and the same are hereby repealed," has no repealing nor restraining influence upon the "Inferior Criminal Court Act," and the court thereby created and established is continued in existence for all of its intents and purposes. For this conclusion judicial precedents are not needed, but the following cases are germane:

[Walsh, et al. v. State, ex rel. Cook, et al.]

*State, ex rel. Scholl v. Duncan,* 162 Ala. 196, 50 South. 265; *State, ex rel. Tyson v. Houghton,* 142 Ala. 90, 38 South. 761; *State v. White,* 160 Ala. 168, 49 South. 78; *Birmingham v. Sou. Exp. Co.,* 164 Ala. 529, 51 South. 159.

The demurrer to the petition was properly sustained; and the petitioner, declining to plead further, the petition was properly dismissed.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.