BEAN *et al. v.* CITY OF KNOXVILLE *et al.*

(*Knoxville,* September Term, 1943.)

Opinion filed October 8, 1943.

JOEL H. ANDERSON and BEN R. WINICK, both of Knoxville, for complainants.

JOE C. THOMASON and S. E. HODGES, both of Knoxville, for City of Knoxville.

NORMAN B. MORRELL, of Knoxville, for Election Commission.

MR. JUSTICE NEIL delivered the opinion of the Court.

Complainants filed their original bill in the Chancery Court of Knox County to enjoin the defendants from holding a referendum election to determine whether or not moving pictures should be allowed to be exhibited on Sunday. It appears from the bill that the City Council adopted a resolution on October 31, 1942, providing for such referendum. Prior to the adoption of this resolution the County Board of Election Commissioners filed a certificate addressed to the City Council to the effect that the petition asking for the referendum "contains the names of a sufficient number of qualified voters of Knoxville, in accordance with the provisions of Section 99 of the Charter of Knoxville." Complainants allege that

Code, section 11202, makes it unlawful to exhibit theatrical shows and motion pictures in this state on Sunday and that a municipality has no authority to legalize the exhibition of such pictures; that the said section was amended (Public Acts of 1939, c. 24), making it a misdemeanor to conduct any theatrical or motion pictures on Sunday, with certain definite exceptions, the exception being that such entertainment may be authorized "by a majority vote of the legislative council of any municipality". It is the contention of complainants that a referendum election would entail heavy expense to the taxpayers of the city and furthermore the result of the election, if favorable to theatrical production, could not have the effect of repealing or modifying the statute; that only the City Council may pass an ordinance to that effect; that the qualified voters in a referendum election could not be considered as any part of "the legislative council" as provided in Chapter 24, Public Acts of 1939.

A demurrer was filed to the bill which was sustained by the Chancellor and the bill dismissed. Complainants have appealed and the only question raised in their assignment of error is as to the power of the City Council to authorize a referendum and its legal effect. Complainants earnestly contend, as above stated, that an ordinance adopted by referendum would be wholly invalid because contrary to the provisions of the amendatory act which permits such exhibitions by "a majority vote of the legislative council".

We are here presented the question of the power of the municipality of Knoxville to legislate. Is it confined exclusively to the City Council, or may it legislate by initiative and referendum?

In 43 C. J., p. 176, sec. 173, it is said: "Powers and functions of a municipal corporation represent and

embody its life as a social and political organism, 'function' expressing the proper activities or duties of the municipality, 'power' the legal faculty or authority to do an act.''.

The State may, and sometimes does, prescribe in what mode or manner a municipal corporation shall exercise its powers. Thus in Volume 43 C. J., p. 256, we find the following statement under "Initiative and Referendum": "In the absence of an inhibitory constitutional provision the initiative and referendum plans of government may be established for a municipal corporation either by legislative act or by a freeholders' charter, as the case may be. Such provisions have been sustained as against the objection that they are inconsistent with a republican form of government. A municipal council of a municipal corporation, operating under a freeholders' charter, which charter has no provision for a referendum, has no power to confer such power on the electors of the corporation, such action being regarded as a delegation of the legislative power of the council.''

In *Allen* v. *Hollingsworth*, 246 Ky., 812, 56 S. W. (2d), 530, it was held that unless forbidden by the Constitution the Legislature may confer power of referendum on municipalities and prescribe the terms for its exercise.

In *Reycroft* v. *City of Binghampton*, 138 Misc., 257, 245 N. Y. S., 375, the Common Council undertook to provide for a referendum as to whether motion picture theatres should be permitted to operate on Sunday. The authority was denied on the ground that the law (2154 of the Penal Code) conferred no such authority. The court further said, "Neither a municipal corporation nor its officers can do any act which is not authorized by its charter or by some other legislative act." Citing Dillon on Municipal Corporations, Sec. 277 et seq.

Again, in *McCabe* v. *Voorhis*, 243 N. Y., 401, 153 N. E., 849, 851, it was said, "The power to provide for a referendum must be found in the City Home Rule Act." See also McQuillin on Municipal Corporations, Vol. II, Sec. 727.

In *Allen* v. *Hollingsworth, supra* [246 Ky., 812, 56 S. W. (2d), 531], the court commenting upon the powers to be exercised by municipalities in the matter of legislation, used the following language: "Apart from restraints of the organic law, the Legislature has plenary powers in respect to the establishment and regulation of the government of municipalities, and such divisions of government possess only those powers that the state, through the Legislature, has conferred upon them, expressly or impliedly, and those granted powers may be enlarged or diminished in the discretion of the superior body, for the municipalities are derivative creations." (Citing authorities.)

Before passing to the consideration of the question now before us, it should be stated that there is no contention that the resolution submitting the ordinance to a referendum vote does not fully comply with the Charter of Knoxville. Section 99 expressly provides for the initiative and referendum and sets out in detail the way and manner it is to be exercised. In the light of this provision we think the language used in Section 4 of the Charter, "The corporate power and authority shall be vested in a legislative body to be known as the Council"; and that "The legislative power and all other powers except as otherwise provided in this Act are hereby delegated to and vested in said City Council" etc.; clearly confers upon the municipality the right to adopt ordinances by initiative and referendum. The words "except as otherwise provided" necessarily refer to the passage of ordi-

nances in such manner. Moreover, Section 99 of the Charter not only provides for the passage or adoption of ordinances by referendum, but also for the repeal of such in the same manner.

In the instant case we find that the State has expressly prescribed the mode or manner in which legislative authority of the City of Knoxville may be exercised, i. e., either by the City Council or by initiative and referendum. Moreover, there is no inhibition in our Constitution against the city's exercising legislative control by initiative and referendum. We are therefore constrained to hold that the words "legislative council" as used in Code section 11202 mean legislative authority as it may be exercised in the various municipalities of the State in accordance with the provisions of their respective charters.

The assignments of error are overruled and the decree of the Chancellor is affirmed.