STATE OF TENNESSEE ex rel. CECIL JOHNSON

*v.*

JAMES DAVIS, Chief of Police, CITY OF CLARKSVILLE, TENNESSEE.

*(Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

W. R. FAIN, JR., Clarksville, for plaintiff in error.

CHARLES V. RUNYON, Clarksville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the action of the trial court in dismissing plaintiff in error's petition for the *writ* of *habeas corpus*.

The facts are not in dispute. Counsel for the plaintiff in error states the issue for the Court's consideration, as follows:

"Petitioner was arrested by the City Police of Clarksville, Tennessee, on 25 June 1958 on a charge of disorderly conduct, and as a result of that arrest an additional charge of resisting arrest was brought against him.

"The warrants, upon which he was tried, copies of which were filed as exhibits to petitioner's original petition, and found on pages 9 and 10 of the transcript, were issued by the Honorable W. O. Beach, Judge of the City Court of Clarksville and the petitioner was tried before the Honorable Sam Boaz, sitting as City Judge Pro Tem.

"A demurrer challenging the jurisdiction of the City Judge or City Judge Pro Tem to hear the cause because he was not elected by popular vote was duly filed by the petitioner and overruled by the Judge Pro Tem who proceeded to hear the matter and assess fines of Twenty Five Dollars ($25.00) and Fifty Dollars ($50.00) respectively.

"Petitioner was thereupon committed to the City Workhouse or jail upon failure to pay the fines.

"To test the validity of his trial and commitment, this suit was then filed before Honorable W. D. Hudson, Judge of the Criminal Court of Montgomery County, Tennessee, and after the hearing resulted in a verdict against the petitioner. He seasonably filed his appeal to this Honorable Court and his Bill of Exceptions were perfected and have heretofore been filed.

"The sole question at issue in this cause is: 'Can the City Judge of Clarksville, Tennessee, be appointed by the City Council and issue warrants of arrest and try the defendant and others for offenses ranging from exceeding the speed limit to public drunkenness, disorderly conduct, driving while under the influence of narcotics and intoxicating liquors, and all the other offenses set out and denounced in the City Charter without being in violation of Article VI, Sections 1 & 4 of the Constitution of the State of Tennessee?' "

The error assigned is, as follows:

"The only insistence of error by the Trial Judge on the part of the petitioner is: (1)The trial Court refused to permit the petitioner to introduce evidence

that the City Judge of the City of Clarksville has on many occasions tried and fined many other people on charges of driving while under the influence of intoxicants and many other similar charges; and (2) That the Court was in error in holding that the petitioner was being legally restrained by the Chief of Police of the City of Clarksville and in committing petitioner to the City Jail.''

■ Contention is made on the brief of counsel for plaintiff in error that the judgment of the Judge of the ''City Court of Clarksville'' is void in that he was not elected by the qualified voters of the district or circuit to which he is assigned as expressly required by Article 6, Section 4, of the Constitution of this State. Section 1, Article 6, of our Constitution provides that the Legislature may create and establish from time to time Circuit, Chancery, other inferior courts and Justices of the Peace. In the same section the following appears: ''The Legislature may also vest such jurisdiction in Corporation Courts as may be deemed necessary.''

The Charter of the City of Clarksville provides that the City Council shall appoint certain municipal officers, such as a City Engineer, Treasurer, City Attorney and ''Judge of the City Court.''

We do not consider this provision of the Charter of Clarksville to be in conflict with Article 6, Sections 1 and 4, of the Constitution. The City Court is not a constitutional court, but is a Corporation Court and its jurisdiction is confined to specific violations of the City Charter and other small offenses, i. e. wrongs against the municipality.

■ There is no merit in the counsel's contention that the trial judge refused to hear evidence to the effect that the City Judge has on many occasions tried and fined many people on other charges than those for which this plaintiff in error was arrested, tried and convicted. Considering this assignment on its merits, that is that the charge is true, there is no evidence that the plaintiff in error was prejudiced by the City Judge in trying cases contrary to law. It relates to a collateral issue which did not involve the plaintiff in error.

The counsel for plaintiff in error relies upon *State ex rel. Haywood v. Superintendent, Davidson County Workhouse,* 195 Tenn. 265, 259 S.W.2d 159, 161, as supporting his contention that the City Court of Clarksville is a *constitutional court,* and that the judge of said court must be elected by qualified voters. We think the counsel has misjudged the holding of the Court. It is pointed out in that case that:

"The court with which we are now dealing is not a 'corporation' court, but is one which is authorized to enforce the criminal laws of the State affecting juveniles. It exercises judicial power and can have no legal existence unless erected by the Legislature pursuant to the provisions of the Constitution."

It is further observed, after taking notice of certain specific provisions of the Private Act 1947, c. 246, art. 51, creating the "Juvenile and Domestic Relations Court of Nashville":

"* * * Moreover it plainly appears from a casual reading of the Act that the Mayor and City Council have attempted to create a court with far greater power

than those constitutionally created by the Legislature. Such a court under our Constitution can have no legal existence and its judgments are void."

It is also important to note that the opinion differs from the case at bar in that the court is given concurrent jurisdiction with Circuit, Criminal and Chancery Courts in matters relating to "complaints against dependent, delinquent and neglected juveniles"; also vested with jurisdiction to issue warrants and render final judgment for any husband "to leave his wife destitute" and for the "neglect of children". Code Section 11374 (39-205, T.C.A.).

There is a clear distinction between the authority conferred by statute upon "Corporation Courts" and constitutional courts, as pointed out in *O'Haver v. Montgomery*, 120 Tenn. 448, 111 S.W. 449, 452, wherein it is held that municipal courts are authorized to assess a fine in the nature of a penalty for the violation of its ordinances. "In truth, the action (issuance of process and assessment of a penalty) is in its various aspects a hybrid one, partly criminal and partly civil." *O'Haver v. Montgomery, supra.* It is also said in the O'Haver case:

"* * * A municipality is a government within itself, and must have the power to punish for offenses against its laws, and must be able to bring that punishment to bear and to make it effective by its own agencies that is, through its own courts and officers."

A case directly in point, and contrary to the appellant's contention, is *City of Elizabethton v. Carter County*, 204 Tenn. 452, 321 S.W.2d 822. The ruling of the Court (opinion by Swepston, J.) was, as follows:

"It will be observed, however, that no where in Art. VI, providing for the judicial department of the State, does the Constitution provide or require that the judge of a corporation court shall be elected by the people nor does it make any provision as to the length of the term of office, whereas in the case of the Supreme Court and inferior courts mentioned the term is eight years and under Art. VI, Sec. 15 the term of justices of the peace is fixed at six years and it is required that they be elected by the people.

\* \* \* \* \* \*

"There being no constitutional requirement that the Judges of corporation courts, whether they be called police court judges, recorders, the mayor of the city, or what not, be elected by the people of the municipality, it is necessarily true from the nature of municipalities that the legislature may directly provide for either the election or the appointment of same or it may confer the power upon the municipality. As one example, T.C.A. sec. 6-2102 provides that a city manager is to appoint the recorder."

The penalty imposed by the City Court Judge in the case at bar involved a wrong against the municipality and was in strict compliance with the limited jurisdiction of Corporation Courts, and especially the City Court of Clarksville.

The assignments of error are overruled and the judgment of the trial court is affirmed.