**C. R. DORRIER, et al., Appellants,**

v.

**James O. DARK, Appellee.**

Supreme Court of Tennessee.

May 24, 1976.

James H. Harris, III, William F. Howard, Metropolitan Attys., Dept. of Law of the Metropolitan Government of Nashville and Davidson County, Tennessee, Nashville, for appellants.

Charles H. Warfield, William L. Small, Farris, Evans & Warfield, Nashville, for appellee.

OPINION

FONES, Chief Justice.

In his petition to rehear, appellant argues that T.C.A. § 49–212, which allows local boards of education to hold executive sessions, was not specifically repealed by the Open Meetings Act, Chapter 442, Public Acts of 1974,[1] as required by Article 2, § 17 of our State Constitution. Additionally, he raises the point that T.C.A. § 49–212, which allows local school boards to meet in executive session on matters not involving the expenditure of public funds, was amended at the same session of the Legislature but subsequent to the passage of the Open Meetings Act.[2] This, he maintains, evinces legislative intent that local school boards be exempt from the operation of the Open Meetings Act.

■ T.C.A. § 49–212 was first enacted in 1953, and made applicable to city boards of education in 1957. By passage of the Open Meetings Act on March 19, 1974, the Legislature intended to repeal T.C.A. § 49–212.

■ Section seven of the Open Meetings Act states as follows: "All statutes in conflict with this Act are hereby repealed." However, no statutes are specifically mentioned as being repealed. It has long been the law in this State that it is not necessary to recite the title or substance of all prior laws which are affected by the positive provisions of a subsequent enactment. If there is an irreconcilable conflict in the two laws, the prior act is rendered inoperative. To require exhaustive research through the Code for inconsistent acts, would be a requirement of such difficulty as to be almost an impossibility and would constitute a barrier to effective legislation. The leading Tennessee case in this area is *Home Insurance Co. v. Taxing District*, 72 Tenn. 644 (1880). All rules of statutory interpretation have only one purpose, and that is to ascertain legislative intent. *Zickler v. Union Bank & Trust Co.*, 104 Tenn. 277, 299, 57

---

1. The date of passage of this bill was February 18, 1974; the effective date was May 1, 1974. It is now codified as T.C.A. § 8–4401 et seq.

2. T.C.A. § 49–212 was amended by Public Acts 1974, Chapter 654, § 13, which was passed on March 19, 1974, and became effective on July 1, 1974.

S.W. 341 (1900). Here the legislative intent is clear, and we hold that Chapter 442 of the Public Acts of 1974 effectively rendered inoperative T.C.A. § 49–212.

We are not persuaded that by amending T.C.A. § 49–212 subsequent to the enactment of the Open Meetings Act, the Legislature intended that local school boards be exempt from the provisions of that Act.

The purpose of Chapter 654 of the Public Acts of 1974, which amended T.C.A. § 49–212, was "to regularize statutory language describing local public school systems, to eliminate separate references to county, city and special school districts . . . and to amend the following sections of the Tennessee Code. . . ." Thereafter followed a listing of ninety-five (95) Code sections including T.C.A. § 49–212. That section was amended as follows:

> SECTION 13. Tennessee Code Annotated, Section 49–212 is amended by striking therefrom the words "county, city and special district" and substituting in lieu thereof the word "local".

Had T.C.A. § 49–212 been enacted for the first time on March 19, 1974, a different situation would be presented. Here, however, the amendatory act, of which T.C.A. § 49–212 was one of ninety-five (95) Code sections affected, did not deal with the subject of Open Meetings; and is insufficient to establish a legislative intent to revive the right of local school boards to hold executive sessions in contravention of the provisions of the sunshine law.

Appellant's petition to rehear is denied.

HENRY and BROCK, JJ., and McCANLESS and PARROTT, Special Justices, concur.