Maureen F. SWEENEY,
Plaintiff–Appellant,

v.

STATE of Tennessee, DEPARTMENT
OF TRANSPORTATION,
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 5, 1987.

Permission to Appeal Denied by
Supreme Court Jan. 25, 1988.

Foy R. Devine, Devine & Morris, Atlanta, Ga., and Sidney W. Gilreath, Gilreath & Associates, Knoxville, for plaintiff-appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, John Knox Walkup, Chief Deputy Atty. Gen., William K. Tomlinson, Asst. Atty. Gen., Nashville, for defendant-appellee.

OPINION

CANTRELL, Judge.

This case involves a challenge to the sovereign immunity of the State of Tennessee and its departments or agencies. The appellant, Maureen Sweeney, was involved in a single-car accident on U.S. Highway 41A west of Sewanee, Tennessee, which left her paralyzed from the neck down. The driver of the automobile in which the appellant was a passenger lost control of the vehicle while rounding a sharp curve. Approximately two years before the accident, the State Department of Transportation had redesigned and reconstructed that section of the highway. The appellant contends that the reconstruction resulted in an unsafe and dangerous condition which proximately caused the accident and her injuries.

Ms. Sweeney sued the State of Tennessee Department of Transportation, alleging that the Department had negligently created and willfully maintained a defective, unsafe and dangerous highway condition which posed a nuisance to the public. The State Attorney General filed a motion to dismiss for lack of subject matter jurisdic-

tion and for failure to state a claim upon which relief can be granted based on sovereign immunity. After a hearing, the trial court granted the State's motion to dismiss but invited further review of the matter of governmental immunity.

Ms. Sweeney appeals the dismissal of her action, contending that the doctrine of sovereign immunity should be judicially abolished or that the State is liable despite its immunity because the condition of the highway constituted a trap. The appellant further contends on appeal that the Tennessee Claims Commission is unconstitutional under Article 1, § 17 and Article 6, § 4 of the Tennessee Constitution.

■ Article 1, § 17 states, in relevant part, "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Our Supreme Court has held that this section must be strictly construed. *State ex rel. Allen v. Cook*, 171 Tenn. 605, 106 S.W.2d 858 (1937). Thus, unless the State through the Legislature consents to be sued in plain, clear and unmistakable language, no suit against the State can be maintained. *Brewington v. Brewington*, 215 Tenn. 475, 387 S.W.2d 777 (1965); *Phillips v. Marion County*, 166 Tenn. 83, 59 S.W.2d 507 (1933).

Tenn.Code Ann. § 20–13–102(a) clearly and unequivocally expresses the Legislature's position on this question.

(a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

■ Not only has the Legislature declined to authorize suits against the State, it has unequivocally stated that the courts have no power, jurisdiction or authority to entertain such suits, regardless of the merits of the case. As this court said in *Jones v. L & N Railroad Co.*, 617 S.W.2d 164, 170 (Tenn.App.1981), and reaffirmed in *Austin v. City of Memphis*, 684 S.W.2d 624, 637 (Tenn.App.1984), "The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it." The trial court correctly granted the State's motion to dismiss as directed by Tenn.Code Ann. § 20–13–102(a). Arguments for the abrogation or limitation of sovereign immunity must be addressed to the Legislature.

■ The appellant also asserts that the Tennessee Claims Commission is unconstitutional because its members are not elected by the qualified voters of the district or circuit as required by Article 6, § 4 of the Tennessee Constitution for judges of the Circuit, Chancery, and other inferior courts. However, that issue was not raised and tried in the court below, although the trial judge did offer his opinion on the matter as *gratis dictum.*

The jurisdiction of this court is appellate only. Tenn.Code Ann. § 16–4–108, *John Weis, Inc. v. Reed*, 22 Tenn.App. 90, 118 S.W.2d 677 (1938), *Clement v. Nichols*, 186 Tenn. 235, 209 S.W.2d 23 (1948). As the Supreme Court said in *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn.1983),

It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion. *City of Elizabethton v. Carter County*, 204 Tenn. 452, 321 S.W.2d 822 (1958); *Veach v. State*, Tenn., 491 S.W.2d 81 (1973); *Harrison v. Schrader*, Tenn., 569 S.W.2d 822 (1978); *Dorrier v. Dark*, Tenn., 537 S.W.2d 888, rehearing 540 S.W.2d 658 (1976).

The statute creating the Tennessee Claims Commission is not so obviously un-

constitutional on its face as to obviate the necessity for any discussion. Since the issue was not raised in the trial court and the Attorney General had no opportunity to present "evidence which might be material and pertinent in considering the validity of the statute", *id.*, that issue is not properly before this court and will not be considered.

The judgment of the court below dismissing the appellant's claim is affirmed. The cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., M.S., and LEWIS, J., concur.