IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 9, 2005 Session

# DEBORAH SHORTER v. THE TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, ET AL.

Appeal from the Circuit Court for Maury County
No. 10013     Jim T. Hamilton, Judge

No. M2003-02713-COA-R3-CV - Filed February 24, 2005

A grandmother, who lost custody of her grandchildren in Juvenile Court proceedings, sued the Department of Children's Services ("DCS") and its employee in Circuit Court alleging defamation. The trial court dismissed the suit based upon immunity. We affirm the dismissal of DCS and affirm the employee's dismissal on alternative grounds.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Adrian H. Altshuler, Brentwood, Tennessee, for the appellant, Deborah Shorter.

Paul G. Summers, Attorney General and Reporter; Elizabeth C. Driver, Assistant Attorney General, for the appellee, The Tennessee Department of Children's Services, et al.

## MEMORANDUM OPINION[1]

Deborah Shorter is a former employee of the Department of Children's Services ("DCS") who was awarded custody of her two grandchildren in 1999. In 2001, the Juvenile Court of Giles County removed the children from Ms. Shorter's custody. While the Juvenile Court found Ms. Shorter should be applauded for her efforts to care for the children, it nevertheless found the children

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to be dependent and neglected and that they should be removed from Ms. Shorter's custody. The Juvenile Court mentions in its order that the Affidavit of Reasonable Efforts submitted by DCS was not entirely accurate, yet placed the children in the custody of DCS. Ms. Shorter did not appeal this order of the Juvenile Court. Thus, she has not challenged the ruling that the children were dependent and neglected or the decision to remove them from her custody.

Ms. Shorter then filed this suit in Maury County Circuit Court against DCS and Mickie Chandler, both in her official capacity as District Head of DCS and individually, regarding their actions in the Juvenile Court proceedings. Her complaint alleges that DCS and Ms. Chandler defamed her by making false affidavits to the Juvenile Court in a malicious effort to have Ms. Shorter's grandchildren removed from her custody. Among other things, Ms. Shorter's complaint seeks a monetary judgment against defendants.

The defendants filed a Motion for Summary Judgment which was granted by the trial court. The trial court granted DCS summary judgment based on sovereign immunity and granted Ms. Chandler, in her individual capacity, summary judgment based on common law absolute immunity. Ms. Shorter appealed. We affirm the trial court's order as to DCS and Ms. Chandler in her official capacity and affirm the dismissal of Ms. Chandler in her individual capacity on alternative grounds.

Our review of a trial court's summary judgment is *de novo* with no presumption of correctness since the trial court's decision is a question of law. *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). Summary judgment should be granted only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Webber v. State Farm Mutual Automobile Insurance Company*, 49 S.W.3d 265, (Tenn. 2001). We must consider the evidence in the light most favorable to the non-moving party and we must resolve all inferences in the non-moving party's favor. *Doe v. HCA Health Services, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001).

## I. STATE DEFENDANTS

It is well settled in Tennessee that the State, as a sovereign, is immune from suit except as it consents to be sued. *Brewington v. Brewington,* 215 Tenn. 475, 387 S.W.2d 777, 779-80, (1965); *Brown v. State*, 783 S.W.2d 567, 571, (Tenn. Ct. App. 1989); *Sweeney v. State*, 744 S.W.2d 905, 906 (Tenn. Ct. App. 1987). Pursuant to Article I, Section 17 of the Tennessee Constitution, suit may be brought against the State only in such manner and in such courts as the legislature may by law direct. Therefore, unless the legislature consents, no suit against the state may be maintained. Tenn. Code Ann. § 20-13-102(a) specifically provides that no court has jurisdiction to "entertain any suit against the State, or any officer of the State acting by authority of the State, with a view to reach the State, its treasury . . . ." Thus, this rule of sovereign immunity is both constitutional and statutory and the courts are without authority to change it. *Brown* at 571; *Sweeney* at 906.

DCS and Ms. Chandler, in her official capacity, are clearly entitled to immunity in this action brought in Maury County Circuit Court. The legislature has not given its consent for the state to be sued for monetary damages in Circuit Court. The Claims Commission has exclusive jurisdiction to hear monetary claims against the State. Tenn. Code Ann. § 9-8-307(a)(1). *See Lucas v. State*, 141 S.W.3d 121, 137 (Tenn. Ct. App. 2004). While Ms. Shorter appears to characterize her suit as being governed by the Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq.*, this is incorrect since that Act does not apply to the State. *Tennessee Department of Mental Health and Mental Retardation v. Hughes*, 531 S.W.2d 299, 300 (Tenn. 1975); *Lucas*, 141 S.W.3d at 126.

To the extent that Ms. Chandler is being sued in her official capacity for any action within the scope of her employment that is not malicious, criminal or for personal gain, she is protected by the immunity granted by Tenn. Code Ann. § 9-8-307(h). We, therefore, affirm the dismissal of DCS and Ms. Chandler in her official capacity based upon sovereign immunity.

## II. MS. CHANDLER INDIVIDUALLY

We now turn to dismissal of Ms. Chandler in her individual capacity. While the trial court found Ms. Chandler enjoyed quasi-judicial absolute immunity, we need not decide this issue. In her complaint for defamation, Ms. Shorter alleges Ms. Chandler made false affidavits against her in the Juvenile Court proceedings. There is no dispute about the facts surrounding the affidavits in the Juvenile Court matter. First, Ms. Chandler signed no affidavit in that proceeding. Second, the individual who signed the affidavit in the Juvenile Court matter provided an affidavit in this matter stating that Ms. Chandler had no involvement in the Juvenile Court affidavit. Ms. Shorter provided no evidence to contradict this statement. Ms. Shorter offered the deposition testimony of Margaret Hodges, a former DCS employee, to substantiate her claims. Although Ms. Hodges may have given a general description of Ms. Chandler's supervisory role in many matters in the office, she did not dispute the testimony that Ms. Chandler was not involved in the allegedly false affidavit. She testified that DCS followed its policy and to her knowledge no false affidavits were offered in the proceedings about Ms. Shorter's grandchildren. There being no issue of material fact, Ms. Chandler is entitled to judgment as a matter of law since she had no involvement in the allegedly false affidavit. Therefore, for the reasons provided herein, we affirm the dismissal of Ms. Chandler in her individual capacity.

Costs of this appeal are taxed to the Appellant, Deborah Shorter, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE