Cotton Oil Co. v. Shamblin.

COTTON OIL CO. v. SHAMBLIN.

(*Knoxville.* October 1, 1898.)

DECLARATION. *Certainty in averment of negligence required.*

A declaration in an action for damages for the negligent killing of a person, which avers, in general terms only, that defendant had wrongfully and negligently killed the deceased, without stating the facts constituting the negligence, is bad on demurrer.

Code construed: §§ 4002, 4438 (S.); §§ 3593, 3441 (M. & V.); §§ 2881, 2747 (T. & S.).

Cases cited and approved: Evans v. Thompson, 12 Heis., 536; Cherry v. Hardin, 4 Heis., 202; 30 Conn., 521 (S. C., 79 Am. Dec., 278); 34 Conn., 136 (S. C., 91 Am. Dec., 718); 31 Ohio St., 557; 69 Texas, 359; 8 Gill & John., 248 (S. C., 29 Am. Dec., 543); 35 S. C., 381 (S. C., 28 L. R. A., 855); 109 N. C., 692 (S. C., 52 A. & E. R. R. Cas., 490); 90 Ill., 425; 30 Grattan, 805; 71 Mo., —— (S. C., 2 A. & E. R. R. Cas., 146); 74 Mo., 364 (S. C., 7 A. & E. R. R. Cas., 382); 32 W. Va., 370 (S. C., 37 A. & E. R. R. Cas., 179).

Cited and distinguished: Railroad v. Pratt, 85 Tenn., 9; Coal Co. v. Daniel, 100 Tenn., 65.

---

FROM HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

COOKE, SWANEY & COOKE and RICHARDSON, CHAMBERS & HEAD for Cotton Oil Company.

PRITCHARD & SIZER for Shamblin.

BEARD, J.    This action was instituted to recover
damages for personal injuries received by the intes-
tate of the defendant in error, while engaged in the
service of the plaintiff in error, from the effect of
which, it is alleged, he subsequently died.    Upon an
issue raised by the plea of "not guilty," the case
was heard, the trial resulting in a verdict in favor
of the plaintiff below for $5,000.    The record is be-
fore us on assignments of error to the action of
the lower Court.

The declaration filed in the cause is in the
words and figures following, viz.: "The plaintiff, G.
W. Shamblin, administrator of the estate of David
L. Shamblin, deceased, sues the defendant, Chatta-
nooga Cotton Oil Company, which is in Court by
summons, for twenty-five thousand dollars ($25,000)
damages, for that, heretofore, to wit, on the — day
of January, 1896, the defendant wrongfully and negli-
gently killed David L. Shamblin, who left next of
kin as follows: a father, G. W. Shamblin, mother,
Sarah J. Shamblin, four brothers, John, Joe, Julius,
and . G. B. Shamblin, four sisters, Maggie, Mary,
Annie, and Lucy Shamblin, for whose use the plain-
tiff brings this suit, to their damages as aforesaid.
Plaintiff herewith exhibits his letters of administration,
and demands a jury to try the cause." (Tr., p. 2.)

To this declaration a demurrer was filed, raising
the objection that it did not allege a cause of action
against the defendant, in that it failed to state any
facts or circumstances to put the defendant on notice

of the negligence which was complained of, and which the company was required to defend.

"Pleading," says Mr. Chitty, "is the statement, in a logical and legal form, of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense; it is the formal mode of alleging that in the record which would be the support of the action or the defense of the party in evidence." Continuing, this author adopts and embodies in his text the statement of Mr. Justice Buller, that "one of the first principles of pleading is, that there is only occasion to state facts, which must be done for the purpose of informing the Court, whose duty it is to declare the law arising upon those facts, and of apprising the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it." 1 Chitty on Pleadings, p. 213. Again, under the caption of the "Modes of Stating Facts," he emphasizes it as the "principal rule" of pleading, that the facts "must be set forth with certainty, by which term is signified a clear and distinct statement of the facts which constitute the cause of action or ground of defense, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the Court who are (?) to give judgment." *Id.*, p. 233. The absolute necessity of this rule and for its enforcement has been recognized by many Courts.

In *McCune* v. *Norwich City Gas Co.*, 30 Conn., 521 (S. C., 79 Am. Dec., 278), the plaintiff in his declaration alleged that the defendant company was organized to make and sell illuminating gas, with its pipes laid in the streets of the city, for the purpose of enabling it to convey gas to its customers; that plaintiff's rooms were supplied with pipes and fixtures, which were connected with the mains of the defendant corporation, and that, for a period of time it had supplied him, and that he still desired to continue the use of its gas, and was willing to pay for the same, and that it was the duty of the defendant to supply him, but that, in wanton disregard of its duty, it declined to do so. With regard to this declaration, the Court said: "No contract for the supply of gas for an indefinite period is alleged to have been made by the defendant, nor, in fact, any contract at all. The entire foundation of the plaintiff's claim, as it is set out in his declaration, rests upon the supposed legal duty or obligation, independent of any contract, to continue the supply. But no facts are stated from which such duty or obligation arises, and the allegation of a duty or liability is of no avail and will not help the declaration unless the facts necessary to raise it are stated. It is but the statement of a legal inference, never traversable and of no avail in pleadings." Subsequently the same Court, in an action for the recovery of damages for a personal injury resulting in death, reannounced this as an essential rule to

good pleading. *Harrison* v. *City of New Haven*, 34 Conn., 136 (S. C., 91 Am: Dec., 718). In *Railroad* v. *Wilson*, 31 Ohio St., 557, and *Morrison* v. *Insurance Co.*, 69 Texas, 359, this rule is recognized and applied.

In *Pa., etc., Nav. Co.* v. *Dandridge*, 8 Gill & John., 248 (S. C., 29 Am. Dec., 543), in arresting a judgment rendered upon a declaration, full in every other respect, which failed to allege a consideration for the defendant's promise, the Court said: ''The object of all pleadings is that the parties litigant may be mutually apprised of the matters in controversy between them. The declaration should substantially present the facts necessary to constitute the plaintiff's right of action, that the defendant being thereby forewarned of the nature of the proof to be preferred against him, may, if necessary, be prepared to contradict, explain, or avoid it.''

*Madden* v. *Port Royal Ry. Co.*, 35 So. Car., 381 (S. C., 28 A. L. R., 855), was an action to recover for personal injuries. With regard to the pleadings in that case, it was said by the Court that ''negligence being a mixed question of law and fact, it is not sufficient to allege in general terms that an injury has been sustained by reason of the negligence of the defendant, but the plaintiff must go on, and allege the facts constituting such negligence.''

n *Carley* v. *Richmond*, 109 N. Car., 692 (S. C., 52 A. & E. R. R. Cas., 490), it was held that a complaint, averring that the plaintiff was, by the

wrongful act, neglect, and default of the defendant, slain and killed, without more, was bad pleading, and in *Chicago, etc., R. R. Co.* v. *Harwood,* 90 Ill., 425, there was the same holding as to the averment of the declaration that a railway company "carelessly, etc., managed its engine and cars," so as to inflict injury, unsupported as it was by any statement showing in what the carelessness, etc., consisted, while in *Baltimore R. R. Co.* v. *Whittington,* 30 Grattan, 805, it was ruled, on demurrer, that a declaration alleging generally, without stating specific acts, that the plaintiff was injured in consequence of the negligence of the defendant in operating its road and cars, etc., was too general.

In *Waldhier* v. *Han. & St. Jos. R. R.,* 71 Mo. (S. C., 2 A. & E. R. R. Cas., 146), a petition by an employe seeking a recovery for an injury, and alleging, without stating specific facts, that the injury was the result of the negligence of the railroad company in using defective machinery and in running and managing its cars, was held fatally defective for uncertainty, and the same rule was applied to an answer to a complaint in *Harrison* v. *Mo. Pa. R. R.,* 74 Mo., 364 (S. C., 7 A. & E. R. R. Cas., 382).

In *Searle* v. *Kanawha, etc., R. R.,* 32 W. Va., 370 (S. C., 37 A. & E. R. R. Cas., 179), the rule requiring certainty in the statement of the facts constituting the cause of action is recognized as a correct one, but, as it had been modified by statute in that State, less fullness of detail was required

than in other States where there was no such statutory modification.

The cases that have been here collected were determined in States some of which adhere, in a general way, to the requirements of common law pleading, while in others the Code practice prevails. With respect to the latter, Mr. Lawson, in his Rights, Rem. & Pr., Vol. 7, Sec. 3462, on the authority of many cited cases, says that "it is a *sine qua non*, under Code pleading, that the complaint or petition must contain a statement of the facts constituting the cause of action. It is the ultimate facts which must be stated, not the evidence of facts or prohibitive facts, or the legal conclusions based on the facts." The rule of the common law, as has been seen, was not less strict. Under both systems this declaration is fatally defective.

It must be conceded that some of the Courts of this country at times, and other Courts, possibly, all the time, have permitted plaintiffs to maintain actions for personal torts, upon a simple statement that they were the result of the negligence of the defendants, but we think a majority of the Courts and the best considered cases recognize it as a requirement of good pleading that the facts constituting the negligence shall be set out, and especially in such a case as the present. As is well stated in the very valuable Enc. of Pl. & Pr., Vol. 5, p. 861, it is necessary that "all the circumstances essential to support an action for death by wrongful

acts must be alleged or appear in substance on the face of the declaration or complaint.''

Coming now to this State, we find that the Code (Shann.), § 4602, provides that ''all pleadings shall state only material facts, without argument or inference, as briefly as is consistent with presenting the matter in issue in an intelligible form.''

In construing the sections of the Code on the general subject of pleading, including that just quoted, in *Evans* v. *Thompson*, 12 Heis., 536, this Court said: ''These wise and wholesome provisions are based on the sound principle that the rights of litigants are not to be sacrificed to mere technical verbiage, . . . but are to be ascertained by the Courts, upon the statement of material facts in an intelligible form,'' etc.

In *Cherry* v. *Hardin*, 4 Heis., 202, this Court had occasion to deal with § 4438 of Shannon's Code (§ 2747 of the old Code), which is in these words: ''All wrongs and injuries to the property and person . . . may be redressed by an action on the facts of the case,'' and construed it to mean that ''matter without multiplicity of words is all that is required in notifying the adversary of what he is to answer or defend.''

We are entirely satisfied that the declaration in question does not meet the requirements of these sections as they were construed in these cases. It is insisted, though, that it is good under the authority of *E. T., V. & G. R. R.* v. *Pratt*, 85 Tenn., 9,

and *East Tenn. Coal Co.* v. *Daniel,* 42 S. W. Rep., 1062. This is error. Neither of these cases involved a question of good pleading. In the first, the declaration set out the time and place of the injury, as well as the circumstances under which it occurred, and then alleged that the defendant "wrongfully and negligently ran its engines and cars . . . upon the plaintiff." Under this declaration, evidence was admitted, over the objection of the defendant, tending to show that it was negligent in failing to observe the statutory precautions. It was insisted here, as in the Court below, that this was error— as the declaration stated only a case of common law negligence. This was the sole question in that case, and this Court, speaking through the present Chief Justice, only reannounced the oft-repeated doctrine that our statutes, prescribing the duties of railroads, in order to avoid accidents, were declaratory of the common law, and it was therefore held that this evidence was competent. No objection was made in either Court to the declaration on the ground of insufficiency or vagueness and none was considered. In the second, the question was, Can a plaintiff in his declaration set out certain definite acts of negligence, and allege them as the occasion of his injury, and recover upon evidence of other and independent negligent acts? and this Court, through Justice McAlister, said he could not. To this point was the argument of the opinion directed, and to it the references and the statements are to be confined.

After a careful examination of the authorities, and especially our own statutes and decisions, we are satisfied that the Circuit Judge was in error in overruling the demurrer to the declaration in this case. This conclusion renders it unnecessary for us to consider other assignments of error.

The judgment is therefore reversed, and the cause is dismissed.