Cumberland, etc., Co. *v.* Cook.

CUMBERLAND, ETC., Co. *v.* COOK.

(*Nashville.* January 13, 1900.)

DECLARATION. *Insufficient averment of negligence.*

It is an insufficient averment of negligence on the part of a telephone company, in setting its pole, to state that the pole was "carelessly, wrongfully, negligently, and unlawfully erected within the right of way of a turnpike or other public thoroughfare, without averring more specifically that it was so located as to endanger public travel along the highway.

Cases cited and approved: Cotton Oil Co. *v.* Shamblin, 101 Tenn., 263; Franklin Turnpike Co. *v.* Crockett, 2 Sneed, 263.

FROM WILLIAMSON.

Appeal in error from the Circuit Court of Williamson County. W. B. WHITE, Sp. J.

HENDERSON & BERRY and A. D. MARKS for Cumberland, etc., Co.

J. L. NEELY and EGGLESTON & EGGLESTON for Cook.

BEARD, J. This is an action to recover damages for injuries to the person and property of defendant in error. There was a verdict and judgment in his favor in the Court below.

The declaration in the case contained two counts, which were as follows:

"*First Count.*—Plaintiff avers that defendant in the conduct of its business in Williamson County, carelessly, willfully, negligently, and unlawfully erected a large pole, firmly set in the ground, on the chartered right of way of the Harpeth turnpike, a public thoroughfare in Wililamson County, so that plaintiff, in passing along said thoroughfare on horseback, in the night time, came suddenly and violently in contact with said pole, and thereby sustained severe and dangerous hurts, cuts, bruises, and contusions, from which injuries plaintiff has endured great suffering and distress of mind and body, and has been compelled to incur heavy expenses for necessary medicines, medical attention, and services, and for this plaintiff sues the defendant for eighteen hundred and ninety-five dollars ($1,895) damages, and asks for a jury to try the case.

"*Second Count.*—Plaintiff avers that defendant is a body corporate, and doing business in Williamson County, Tennessee, under the general laws of the State of Tennessee relative to foreign corporations. Plaintiff avers that defendant carelessly, wrongfully, negligently, and unlawfully erected a large pole, firmly set in the ground, on the right of way of the Harpeth turnpike, a public thoroughfare in Williamson County, so that plaintiff passing along said thoroughfare on horseback in

the night, came violently in contact with said pole, and was thereby much hurt, cut, wounded, and bruised, and plaintiff's horse, on which he was riding, was, by coming in contact with said pole erected by defendant, so hurt, maimed, and crippled as to be rendered entirely worthless, and for the loss of said horse plaintiff sues the defendant for the sum of $100 damages, and asks for a jury to try the case."

A demurrer was interposed to the declaration upon the ground that no cause of action was set out in either count because of a failure to aver any fact showing that the demurrant had carelessly, willfully, negligently, and unlawfully erected its pole within the right of way of the turnpike. This demurrer was overruled. This objection was again renewed after verdict by motion in arrest of judgment, which was also overruled.

In the case of *Cotton Oil Co.* v. *Shamblin,* 101 Tenn., 263, we had recently to apply the rules of good pleading to a declaration filed in a suit brought to recover damages for an alleged wrongful killing. We then, after a somewhat full examination of the text-books and collation of the cases, held that the declaration in that case was defective, in that it alleged that the defendant wrongfully and negligently killed the deceased, without averring any fact or facts showing wrong or negligence.

The declaration in the present case is open to

the same objection. The simple averment that the pole of the plaintiff in error was put within "the chartered right of way of the Harpeth turnpike," with which defendant in error came in collision in the night time, resulting in the serious injuries complained of, does not constitute a cause of action. It might have been placed within the right of way and still not be a nuisance to the public, and until it became such it would not be the basis of an actionable wrong. As between the traveling public and the company erecting this post, all that could be required was that its location should be fixed at a "safe and convenient distance beyond the margin of the road as made and used." When an effort is made to hold it liable for improperly locating its poles, the question is: "Is the safety of travel endangered?" If not, then one who is driving an uncontrollable team, as in *Franklin Turnpike Co.* v. *Crockett,* 2 Sneed, 263, or as in the present case, in riding a vicious horse in the night time, comes violently in collision with it and receives serious injury, is the victim of a misfortune, the consequences of which he cannot charge upon the company. Nor is the defect in the declaration removed by the averment that the act of the defendant below, in the setting of the post, was "carelessly, willfully, negligently, and unlawfully" done. This was but the averment of a legal conclusion. To so characterize this act of the telephone company

added no force to the declaration. To place the declaration beyond fatal objection, it was essential that it should have averred some fact or facts showing carelessness, willfulness, negligence, or unlawfulness, thus advising the defendant and the Court of the grounds of complaint, and upon which, after a plea of not guilty, the parties could have gone intelligently to the jury.

Lacking as it does in this important particular, the demurrer should have been sustained. For error in this regard, the judgment of the lower Court is reversed and the case is dismissed.