ALBERT WILLIAMS, Commissioner of Insurance and Banking, State of Tennessee, Appellant,

*v.*

AMERICAN PLAN CORPORATION and American's Catalog Store, Inc., Appellees.

392 S.W.2d 920.

(*Nashville,* December Term, 1964.)

Opinion filed July 30, 1965.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for appellant.

436

VAL SANFORD, GULLETT, STEELE & SANFORD, Nashville, of counsel, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit for declaratory judgment under T.C.A. sec. 23-1101 et seq. For convenience, we shall refer to the parties according to their status in the Chancery Court—American Plan Corporation and American's Catalog Store, Inc., as complainants, and the Commissioner of Insurance and Banking, as defendant.

The defendant first filed a demurrer to the original bill, which was overruled, and then filed an answer. The cause was heard in the Chancery Court on bill and answer. A decree granting the relief prayed for in the original bill was entered. The defendant has appealed to this Court.

The original bill alleges that the complainants are Tennessee corporations, that the American Plan Corporation is engaged in the loan business under the authority of the Industrial Loan and Thrift Act, which is codified as T.C.A. secs 45-2001 to 45-2017. The complainant Ameri-

can's Catalog Store, Inc., was organized for the purpose of operating a catalog store, but is not yet engaged in business because of the matters set forth in the bill. The two complainants, which are affiliate corporations, entered into an agreement by which the catalog store will lease from American Plan a part of the premises now occupied by American Plan, in which American Plan conducts its loan business. In the part of the premises so leased the catalog store will engage in the retail catalog sales business. The bill then alleges that the defendant Commissioner of Insurance and Banking has advised the American Plan Corporation that it has no power under the law to carry out the agreement for the lease of a part of its space to American's Catalog Store, Inc., for the purpose of conducting a catalog sales business therein. A copy of the defendant's letter asserting the lack of such power is exhibited to the bill.

The bill next alleges that the statutes give the complainants the right and power to carry out their lease agreement and do not give the Commissioner of Insurance and Banking the power to prohibit or limit their so doing and that, if the complainants carry out the proposed lease and plan of catalog sales, the defendant Commissioner will take action against them to their great detriment and damage. The complainants then pray for a declaratory judgment decreeing that they have a lawful right to enter into and carry out the said lease agreement and the said catalog sales program and that the defendant has no power under the law to disapprove or prevent the complainants from so doing.

The defendant Commissioner demurred to this bill upon the ground that it seeks only an advisory opinion and does not allege facts showing the existence of a

justiciable controversy. As stated, the Chancellor overruled this demurrer. The first assignment of error in this Court questions the correctness of this ruling.

By the terms of the Industrial Loan and Thrift Act, specifically T.C.A. sec. 45-2011, every industrial loan and thrift company is made subject to the supervision of the Commissioner of Insurance and Banking. The letter from the Commissioner of Insurance and Banking which asserts the lack of power of the complainants to carry out their lease agreement, and which is exhibited to the original bill, states in part:

"* * * we do not feel that the Legislature under its police powers, in enacting the Industrial Loan and Thrift Act, intended to allow two different types and kinds of loans to be made in the same office. To the contrary, in our view, the Legislature in extending to industrial loan and thrift companies the power and privileges enjoyed by corporations generally, intended only those powers and privileges consistent with the organization of industrial loan and thrift companies."

It thus appears from the averments of the bill that the complainants allege that under the Industrial Loan and Thrift Act, T.C.A. sec. 45-2001 et seq., a corporation operating under that act has a right to lease a part of the premises in which it conducts its business to an affiliated corporation for the purpose of conducting a catalog sales business therein. The Commissioner of Insurance and Banking denies that corporations operating under the Industrial Loan and Thrift Act have such power. Section 2 of the Declaratory Judgment Act, T.C.A. sec. 23-1103, provides:

"Any person * * * whose rights, status, or other legal relations are affected by a statute * * * may have

determined any question of construction or validity arising under the * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder.''

In *Miller v. Miller,* 149 Tenn. 463, 261 S.W. 965, this Court had before it for determination the question of the validity and proper construction of the Declaratory Judgments Act. In Miller, the Court held:

''It follows, therefore, from the foregoing authorities, that the only controversy necessary to invoke the action of the court and have it to declare rights under our declaratory judgment statute is that the question must be real, and not theoretical; the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought. It is not necessary that any breach should be first committed, any right invaded, or wrong done. The purpose of the act, as expressed in section 12 thereof, is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.' '' 149 Tenn. at 487, 261 S.W. at 972.

More recently, in *City of Elizabethton v. Carter County,* 204 Tenn. 452, 321 S.W.2d 822, the Court stated:

''We are of opinion that the trial judge was correct in entertaining the bill as one for a declaratory judgment. There was a *bona fide* controversy, there were parties having a real interest above and beyond the interest of the public generally and the rights of the parties depended upon the construction of the involved statutes. This comes within both the letter and the

spirit of T.C.A. sec. 23-1103." 204 Tenn. at 460, 321 S.W.2d at 826.

In support of the demurrer the defendant relies upon *Third National Bank in Nashville v. Carver,* 31 Tenn. App. 520, 218 S.W.2d 66. In that case, the bank filed a bill for declaratory judgment after paying a check on which payment had been ordered stopped over the telephone. The bank in its bill alleged that it had properly paid the check but that the depositor was threatening the bank with a lawsuit to which it had a valid defense. The bank's bill further alleged:

"* * * that it merely feared they [the depositors] might in the future assert an unfounded claim against it. The other matters averred were the hypothetical state of facts." 31 Tenn.App. 528, 218 S.W.2d 69.

█ Here, we do not have a hypothetical state of facts, but a bona fide controversy between parties having a real interest in their rights and duties under a statute. That case is not authority for the decision of the present question.

In his brief, the defendant asserts that the averment of the bill that, if the complainants carry out the proposed lease and plan of catalog sales, the defendant Commissioner will take action against them to their great detriment and damage is but a conclusion without supporting averments of fact and is not admitted by the demurrer. In support of this contention, the defendant relies upon *Cotton Oil Co. v. Shamblin,* 101 Tenn. 263, 47 S.W. 496, and *Cumberland Telephone & Telegraph Co. v. Cook,* 103 Tenn. 730, 55 S.W. 152.

In our judgment, this contention overlooks the fact that the letter from the Commissioner of Insurance and

Banking, from which we have quoted above, states that in the opinion of that official the Industrial Loan and Thrift Act does not authorize the two complainants to conduct their businesses from the same office as contemplated by the lease agreement.

By the provisions of Section 14 of the Industrial Loan and Thrift Act, T.C.A. sec. 45-2014, any corporation doing business under that act which shall "exceed the authority conferred by this chapter" shall forfeit its charter and shall be amenable to proceedings in the nature of *quo warranto* for this purpose. Further, this Code Section provides:

"When it shall appear to the commissioner of insurance and banking that any person, partnership, or corporation is violating any of the provisions of this chapter, the commissioner *shall* order said person, partnership, or corporation to desist from such violation." (Emphasis supplied)

This Code Section makes it the duty of the defendant Commissioner to take steps to prevent the complainant American Plan Corporation from exceeding the authority conferred on it by the Industrial Loan and Thrift Act, and the Commissioner has taken the position that the conduct of the two businesses in the same office is beyond the powers conferred upon the complainant American Plan Corporation by that act. "The presumption is that every sworn officer does his duty". *Lummus Cotton Gin Co. v. Arnold,* 151 Tenn. 540, 558, 269 S.W. 706, 711. The bill alleges sufficient facts.

It is our opinion that the Chancellor was correct in overruling the demurrer and entertaining the bill as one

properly brought under the Declaratory Judgments Act. Assignment of error number one is overruled.

By the second and last assignment of error it is asserted that the Chancellor erred in declaring the defendant Commissioner was without authority to prevent the complainants from operating their two businesses from the same office.

There is no provision in the Industrial Loan and Thrift Act, Chapter 20, Title 45, T.C.A., prohibiting the operation of the business regulated by that act in premises in which other businesses are conducted. T.C.A. sec. 45-2001 provides:

"It shall be lawful for three (3) or more persons to form a corporation to be known as an industrial loan and thrift company and to be chartered and organized under the general corporation laws of this state applicable to private corporations organized for profit; said corporation to be subject to, and its authority to do business conditioned upon, the compliance with the provisions of this chapter."

Under this Code Section, industrial loan and thrift companies are chartered under the general corporation laws applicable to private corporations except to the extent that the Industrial Loan and Thrift Act provides to the contrary. Furthermore, T.C.A. sec. 45-2007, which provides the powers and privileges of corporations formed or qualified under the Industrial Loan and Thrift Act, states in Subsection (o) that such corporations shall "have any and all other powers, not specifically defined herein, which are granted to corporations generally under the provisions of sec. 48-117."

Among the powers conferred upon corporations by T.C.A. sec. 48-117 is the power to acquire and hold real estate and to sell and convey or to lease real property, as well as the power to do everything necessary or incidental to the protection and benefit of the corporation. Under the applicable statutes, industrial loan and thrift companies, as well as other corporations to which T.C.A. sec. 48-117 is applicable, have the power to lease a part of their premises to others for the purpose of carrying on a legitimate business therein.

As heretofore stated, T.C.A. sec. 45-2011 gives the defendant Commissioner general power of supervision of industrial loan and thrift companies. By the terms of T.C.A. sec. 45-2012, the Commissioner, for the purpose of discovering violations of the act, and for the purpose of determining whether persons are subject to the provisions of the act, is authorized to examine all books, records and papers of industrial loan and thrift companies and to summon witnesses and examine them under oath concerning matters relating to the business of such companies. None of the restrictions imposed upon industrial loan and thrift companies by the Industrial Loan and Thrift Act place any restrictions or limitations upon the places in which they may conduct their business.

As stated by the Court in *City of Nashville v. Kizer,* 194 Tenn. 357, 364, 250 S.W.2d 562, 565:

"* * * It is the general rule that no intent may be imputed to the legislature in the enactment of a statute other than such as supported by the face of the statute within itself."

We find nothing in the Industrial Loan and Thrift Act which supports the construction of that act contended for by the defendant.

In the brief of the defendant, cases from other jurisdictions involving abuses which have resulted when merchandise was sold in connection with the operation of a small loan business are cited. Also, we are referred to statutes in other jurisdictions which authorize the proper official to prevent the conducting of "tie-in sales" with small loan businesses.

It is not for us to say whether it would be wise or unwise to prohibit the operation of any other business in the same location that a small loan business is operated. Our function is to determine whether or not the Legislature has so provided. The same potential evils referred to in the defendant's brief are present in the operation of a pawn shop. Pawnbrokers are regulated by Chapter 22, Title 45, T.C.A., most of the provisions of which are derived from Chapter 185, Acts 1937. As originally enacted, Section 17 of Chapter 185, Acts 1937, provided:

"No person licensed as aforesaid shall carry on any other business or vocation, directly or indirectly, in the same building, or in any building adjoining the place or building in which he may be licensed to carry on the business of pawnbroker, loan broker or keeper of a loan office."

By Chapter 205, Acts 1949, the Legislature saw fit to repeal Section 17 of the Pawnbroker Act quoted above. Since the repeal of that section of the Pawnbroker Act, it has been recognized that a pawnbroker may operate a legitimate mercantile business in the same place his pawn shop is located. See *Epstein v. State,* 211 Tenn. 633, 638, 366 S.W.2d 914.

Had the Legislature intended to prohibit the operation of another business in the same location that an indus-

trial loan and thrift company operates, it would have so stated as it did in the original act regulating pawnbrokers.

As stated by the Court in *Hickman v. Wright,* 141 Tenn. 412, 210 S.W. 447, 448:

"'* * * The universal rule seems to be that if the actual language and provisions of the statute are plain and clear, and are devoid of contradiction or any affirmative ambiguity, so that the statute, as the result of the express provisions, is not reasonably susceptible of a twofold meaning, then there is no room for applying any other rules or canon of construction to the act." 141 Tenn. at 418, 210 S.W. at 448.

In his opinion in the present case the Chancellor paraphrased, as follows, the language used by this Court in *Ellenburg v. State,* 215 Tenn. 153, 384 S.W.2d 29, 31:

"On the point at issue here we think the statutes involved are not ambiguous and are susceptible of only one interpretation. The element of power of judgment in the Commissioner is simply not in these statutes either expressly or impliedly."

The Chancellor then stated:

"The power sought by the Commissioner of Insurance and Banking is a matter for the Legislature to grant if it sees fit—certainly it is not a power that the Court can grant by implication."

We agree with the Chancellor. The second assignment of error is overruled.

The judgment of the Chancery Court is affirmed.

NOTE: This opinion was prepared by MR. JUSTICE ANDREW O. HOLMES and approved by all members of the Court, except MR. JUSTICE WHITE, who did not participate, prior to his death on July 24, 1965, and was released by the Court on July 30, 1965.