The MEMPHIS PUBLISHING COM-
PANY et al., Appellants,

v.

CITY OF MEMPHIS et al., Appellees.

Supreme Court of Tennessee.

July 29, 1974.

Rehearing Denied Aug. 30, 1974.

Milton P. Rice, Atty. Gen., W. Henry Haile, Asst. Atty. Gen., Nashville, Armistead F. Clay, Memphis, for appellants.

Richard L. Hollow, Knoxville, amicus curiae.

Frierson M. Graves, Jr., E. Brady Bartusch, Myron A. Halle, Jr., Memphis, William F. Howard, Charles E. Griffith, III, Nashville, Tenn., Melvin Fleischer, C. Cleveland Drennon, Jr., Memphis, for appellees.

## OPINION

CHATTIN, Justice.

For convenience the parties will be referred to as they were in the court below: that is, the appellants as the defendants; and the appellees as the complainants.

Following the trend established by other states, the legislature enacted Chapter 442, Public Acts of 1974. The stated purpose of the Act is:

"The General Assembly hereby declares it to be the policy of this State that the formation of public policy and decisions is public business and shall not be conducted in secret."

On April 19, 1974, complainants brought a declaratory judgment suit in the Chancery Court of Shelby County seeking to have the Act declared unconstitutional. Finding the notice provision of the Act so vague and ambiguous that men of reasonable minds would have to guess at its meaning, the Chancellor declared that part of the Act unconstitutional.

Defendants have perfected an appeal, pursuant to T.C.A. Section 27–306, directly to this Court. Complainants did not appeal or file an assignment of error in this Court.

Defendants insist there are two reasons why this Court cannot consider the merits of the case. First, they argue complainants failed to prove their authority to bring the suit as required by Rule 9 of the Tennessee Rules of Civil Procedure. Second, they assert this is not a proper case for a declaratory judgment.

The parties filed a one-paragraph stipulation of facts in lieu of a bill of exceptions. No reference is made in the stipulation as to the parties' authority to bring this suit. Consequently, in the absence of proof we must assume the Chancellor acted correctly by allowing complainants to proceed with the suit.

Since this case presents a real, rather than a theoretical, question; and the parties have a real interest in the litigation, this is a proper case for a declaratory judgment action. Cummings v. Beeler, 189 Tenn. 151, 223 S.W.2d 913 (1949); Miller v. Miller, 149 Tenn. 463, 261 S.W. 965 (1923).

"The only controversy necessary to invoke the action of the court and have it to declare rights under our declaratory judgment statute is that the question must be real, and not theoretical; the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought. It is not necessary that any breech should be first committed, any right invaded, or wrong done." Miller v. Miller, supra; Williams v. American Plan Co., 216 Tenn. 435, 392 S.W.2d 920 (1965).

The pleadings show the above conditions are present in this controversy.

With respect to whether the notice provision of Chapter 442 is unconstitutionally vague and ambiguous, Section 3(a) of Chapter 442 provides:

"Any such governmental body which holds a meeting previously scheduled by statute, ordinance, or resolution, shall give adequate public notice of such meeting.

"Section 3(b) provides:

"Any such governmental body which holds a meeting not previously scheduled by statute, ordinance, or resolution, or for which notice is not already provided by law, shall give adequate public notice of such meeting.

"Section 3(c) provides:

"The notice requirements of this Act are in addition, and not in substitution of any other notice required by law."

Defendants concede that some uncertainty is created by the use of a phrase so

broad in scope as "adequate public notice." However, they insist that such usage is necessary because the phrase is designed to apply to a variety of situations. Further, defendants insist that those who desire to obey the statute will have no difficulty in understanding it. State v. Netto, Tenn., 486 S.W.2d 725 (1972).

Complainants insist, in the language of the Chancellor, the Section is unconstitutionally vague because:

"There is no way to construe that term except to say that it means adequate public notice under the circumstances, and that would mean different things to different people of common intelligence."

We think it is impossible to formulate a general rule in regard to what the phrase "adequate public notice" means. However, we agree with the Chancellor that adequate public notice means adequate public notice under the circumstances, or such notice based on the totality of the circumstances as would fairly inform the public. In the abstract this is a vague concept. But when applied in a real situation or a given set of facts and circumstances, we doubt that such a variation of opinion would exist as to promote confusion. If we were dealing with a penal statute the Act might require more specificity to be constitutional. But since we are required to resolve any doubts in favor of, rather than against, the constitutionality of the Act, Black v. Wilson, 182 Tenn. 623, 188 S.W.2d 609 (1945), and because we are dealing with a remedial statute, we find the phrase "adequate public notice" not unconstitutionally vague.

Complainants insist there are numerous other phrases in the Act which are unconstitutionally vague. Since the Chancellor made no ruling in that regard, we will not consider those arguments.

The decree of the Chancellor is reversed and the suit remanded for entry of a decree and enforcement thereof in accord with this opinion. Complainants will pay the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Judge, concur.

## ON PETITION TO REHEAR

CHATTIN, Justice.

Petitioners have filed an earnest and sincere petition to rehear. They insist we "should reconsider our opinion and consider all the grounds on which the Chancellor based his opinion." It is their insistence the Chancellor did not base his decree on the phrase, "adequate public notice" alone, but upon a reading of the entire Act which they insist contains other vague provisions.

The Chancellor, in his memorandum opinion, stated there was no way to construe the phrase "adequate public notice except to say it means adequate public notice under the circumstances."

"If the Court should go any further than that, it would not be a construction of the provision but a rewriting of it and thus involve the Court in legislation.

"This decision is not intended to be an exhaustive opinion on all of the points in controversy insofar as the Act is concerned, but merely to point out one of the significant reasons for this Court's decision."

We agreed with the Chancellor the phrase meant adequate public notice under a given set of facts or circumstances. We, also, pointed out the bill of exceptions contained only one paragraph which was of no benefit to the Court.

Whether the Act is vague in any instance depends upon the facts and circumstances surrounding the particular situation.

Finally, petitioners insist it is not clear, from our action in reversing the decree of

the Chancellor and remanding the case for entry of a decree in accord with our opinion, whether this Court was remanding the case to the trial court for further proceedings or dismissing the case.

We certainly did not dismiss the case. If the Chancellor cares to reopen the case for further consideration, it is his prerogative to do so.

The petition is denied. Petitioners will pay the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.