MADISON LOAN & THRIFT COMPANY, Plaintiff-Appellant,

v.

John C. NEFF, Commissioner, Department of Insurance, State of Tennessee, and William Leech, Attorney General for the State of Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 27, 1982.

Application for Permission to Appeal Denied by Supreme Court, April 4, 1983.

James W. McDonnell, Jr., Wildman, Harrold, Allen, Dixon & McDonnell, Memphis, for plaintiff-appellant.

William M. Leech, Jr., Atty. Gen., Kate Eyler, Asst. Atty. Gen., State of Tennessee, Nashville, for defendants-appellees.

Valerius Sanford, Gullett, Sanford & Robinson, Nashville, for Tennessee Consumer Finance Ass'n amicus curiae.

## OPINION

LEWIS, Judge.

Plaintiff Madison Loan and Thrift Company (Madison) filed its "Complaint for Declaratory Judgment or Petition for Review" against defendants John C. Neff, Commissioner of the Department of Insurance (Commissioner), and William Leech, Attorney General for the State of Tennessee.

Defendants filed a motion to dismiss "for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted."

The Chancellor sustained defendants' motion on the ground that Madison's complaint failed "to state a claim upon which relief can be granted."

Since this is an appeal from the sustaining of a motion to dismiss pursuant to Tenn.R.Civ.P. 12.02(6), the factual allegations set forth in the complaint are admitted. *Garrison v. Graybeel,* 202 Tenn. 567, 308 S.W.2d 375 (1957).

Madison is an industrial loan and thrift company registered under the Industrial Loan and Thrift Companies Act, T.C.A. §§ 45–5–101 *et seq.* As an industrial loan and thrift company, it is granted authority under T.C.A. § 45–5–301(9) to issue investment certificates in addition to its lending activities.

The Commissioner has regulatory and supervisory powers over industrial loan and thrift companies pursuant to T.C.A. § 45–5–501 *et seq.*

Madison has advised the Commissioner that it intends to issue investment certificates pursuant to T.C.A. § 45–5–301(9) and has provided the Commissioner with a detailed description of the proposed instruments.

Madison has requested the Commissioner to issue a rule, pursuant to T.C.A. § 45–5–501, defining the limitations upon the issuance of investment certificates by Madison and other industrial loan and thrift companies and describing the procedure whereby the Commissioner will implement his alleged statutory authority to supervise and regulate the industrial loan and thrift industry. Madison also sought the Commissioner's confirmation that he was obligated to examine industrial loan and thrift companies "for soundness of financial condition."

The Commissioner insists that his statutory authority over the financial condition of industrial loan and thrift companies is limited and does not include the authority to conduct an examination of the soundness of their financial condition as requested by Madison.

The Commissioner has refused to issue any rule by which the financial condition of industrial loan and thrift companies would be examined.

The Attorney General is made a party defendant because the complaint seeks the judicial construction of a statute of the State of Tennessee and a declaration under T.C.A. § 29–14–103 of the authority and obligations of a state agency.

The issue raised by this appeal is whether this is a proper case for declaratory judgment.

The statutory basis for this action is found in the Tennessee Declaratory Judgments Act, T.C.A. §§ 29–14–101 *et seq.* That Act, at T.C.A. § 29–14–103, provides:

*Construction of statutes and written instruments.*—Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument,

statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

T.C.A. § 29–14–113 provides: *"Liberal construction*—This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

These statutes have been construed by this Court to require

[t]hat to maintain an action for a declaratory judgment a justiciable controversy must exist .... [Citation omitted.] For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a real legally protectable interest must be at stake on the part of plaintiff. [Citation omitted.] If the controversy depends upon a future or contingent event or involves a theoretical or hypothetical state of facts, the controversy is not justiciable under the Tennessee Declaratory Judgments Act. [Citations omitted.] The Declaratory Judgments Act does not give the courts jurisdiction to render advisory opinions to assist the parties or to allay their fears as to what may occur in the future.

*Parks v. Alexander*, 608 S.W.2d 881, 891–892 (Tenn.App.1980), *cert. denied*, 451 U.S. 939, 101 S.Ct. 2019, 68 L.Ed.2d 326 (1981).

Does a justiciable controversy exist in the instant case?

Madison argues that under T.C.A. §§ 45–5–101 *et seq.* the Commissioner has the authority to examine industrial loan and thrift companies as to the soundness of their financial condition and that the Commissioner has the duty and authority to issue a cease and desist order should he find that a covered company is not financially sound.

The Commissioner admits that he has the authority and a duty to supervise industrial loan and thrift companies within the bounds of his statutory authority. *See,* T.C.A. §§ 45–5–101(a), 45–5–501, and 45–5–504.

The extent of the Commissioner's supervisory power is the paramount contention between Madison and the Commissioner.

"Administrative agencies have only such power as is granted them by statute, and any action which is not authorized by the statutes is a nullity." *General Portland, Inc. v. Chattanooga-Hamilton County Air Pollution Control Board,* 560 S.W.2d 910, 913 (Tenn.App.1976).

■ It is a general rule that no intent may be imputed to the legislature in the enactment of a statute other than such as is supported by the face of the statute itself. *City of Nashville v. Kizer,* 194 Tenn. 357, 364, 250 S.W.2d 562, 565 (1952). This rule likewise applies in determining the power of an administrative agency. *Williams v. American Plan Corp.,* 216 Tenn. 435, 443, 392 S.W.2d 920, 924 (1965).

■ Madison points to no express provision of the Industrial Loan and Thrift Act giving the Commissioner authority to promulgate rules with respect to the "financial soundness" of industrial loan and thrift companies for the purpose of regulating the issuance of investment certificates. Our review of the Act reveals no such authority, implied or expressed.

Under this Act, "registrant" is defined as "any person registered with the commissioner of insurance as an industrial loan and thrift company under this chapter." T.C.A. § 45–5–102(6). "Each registrant" is "subject to the supervision of the commissioner." T.C.A. § 45–5–501(a).

T.C.A. § 45–5–501(b) empowers the commissioner "to make and enforce such reasonable rules and regulations as are necessary and proper for the administration, enforcement and interpretation of the provisions of this chapter."

Additionally, "[t]he commissioner, for the purpose of discovering violations of this chapter, and for the purpose of determining whether persons are subject to the provisions of this chapter, is hereby authorized to examine such registrants, ...." T.C.A. § 45–5–501(g).

Industrial loan and thrift companies are in the business of lending money. *See,*

T.C.A. §§ 45–5–102(4) and 45–5–301. They cannot "[r]eceive deposits of money subject to check, payable on demand, or payable unconditionally at a fixed time; ..." T.C.A. § 45–5–302(1). They are empowered to issue investment certificates. T.C.A. § 45–5–301(9). An investment certificate is not a deposit, it is a security. T.C.A. § 48–16–102(12). Investment certificates as such are regulated under the Tennessee Securities Act of 1980. T.C.A. §§ 48–16–101 *et seq.*

The issuance of investment certificates by industrial loan and thrift companies is governed in part by T.C.A. § 45–5–304:

*Investment certificates.*—(a) A registrant shall not issue investment certificates until:

(1) The registrant gives notice to the commissioner that the registrant intends to issue investment certificates; and

(2) The registrant files the forms, documents, and receipts to be used by the registrant with the commissioner.

(b) A registrant may use the forms, documents and receipts which have been filed with the commissioner until the commissioner gives the registrant notice that they do not meet the requirements of this chapter or that the registrant has not complied with other applicable laws.

(c) Each investment certificate shall have printed thereon in at least ten (10) point boldface type the following: "not federally insured."

(d) Except with the prior written approval of the commissioner, a registrant shall use the proceeds from the issuance and sale of investment certificates only in the conduct of its business.

(e) A registrant shall not use the terms "banking hours," "banking room," or other similar banking terms in connection with advertising the issuance and sale of investment certificates. Each piece of such advertisement shall bear the full name of the registrant.

We find nothing in T.C.A. § 45–5–304 or elsewhere in the Industrial Loan and Thrift Act which gives the Commissioner the power to adopt rules pertaining to financial soundness. If the Commissioner is to have such power, that power must necessarily come from the legislature, and our function is limited to determining whether the legislature has so provided. *Williams,* at 443, 392 S.W.2d at 924.

After a full review of the record and the applicable statutes, we are of the opinion that the Commissioner is without authority to adopt such rules pertaining to financial soundness of industrial loan and thrift companies in regard to the issuance of investment certificates.

■ However, even if the Commissioner had such authority, Madison has not presented a justiciable controversy.

Industrial loan and thrift companies, such as Madison, may issue investment certificates after meeting certain requirements. T.C.A. § 45–5–304. As we have stated, neither in T.C.A. § 45–5–304 nor elsewhere in the Industrial Loan and Thrift Act is there any provision that the Commissioner must examine industrial loan and thrift companies' financial soundness as a prerequisite to the issuance of an investment certificate.

There is no allegation in Madison's complaint that it is unable to issue investment certificates because of the Commissioner's failure to issue rules pertaining to financial soundness or to examine Madison for financial soundness, or that it is unable to carry on its business as an industrial loan and thrift company.

All Madison must do in order to issue investment certificates is comply with T.C.A. § 45–5–304 and pertinent provisions of the Tennessee Securities Act.

A declaratory judgment that the Commissioner has authority to issue rules or conduct an examination pertaining to the financial soundness of companies such as Madison will resolve no controversy or eliminate uncertainty. This is not a proper case for a declaratory judgment.

The judgment of the Chancellor is affirmed with costs to plaintiff Madison Loan and Thrift Company and the cause remanded to the Chancery Court for the collection

of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CANTRELL, J., concur.