# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 4, 2001 Session

## JERRY TRUSTY, ET AL. v. CAPRI ROBINSON, ET AL.

**Appeal from the Circuit Court for Smith County**
**No. 4364B      Clara Byrd, Judge**

---

**No. M2000-01590-COA-R3-CV - Filed February 6, 2001**

---

This appeal arises from a landlord-tenant dispute over damage to residential property. After the landlords obtained a $3,600 judgment in the Smith County General Sessions Court, the tenants appealed to the Circuit Court for Smith County. A jury awarded the landlords $4,500. On this appeal, the appellants assert that the trial court erred by (1) permitting the landlords' lawyer to exercise a peremptory challenge in a racially discriminatory manner, (2) permitting the landlords' lawyer to make prejudicial statements to the jury during opening argument, (3) providing a supplemental instruction in response to the jury's question, and (4) failing to enter a detailed order denying their motion for new trial. We find nothing deficient in the trial court's order denying the motion for new trial. In addition, the absence of either a transcript or a statement of the evidence or proceedings prevents us from considering the substance of the tenants' other issues. Accordingly, we affirm the judgment and find that the appeal is frivolous.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Jerry Gonzalez, Lebanon, Tennessee, for the appellants, Capri Robinson and David Grauherr.

Jacky O. Bellar, Carthage, Tennessee, for the appellees, Jerry Trusty and Sue Trusty.

### OPINION

In September 1997, Jerry and Sue Trusty leased a house in the Pope's Hill area of Carthage to Capri Robinson and David Grauherr.[1] Approximately one year later, Ms. Robinson, Mr. Grauherr, and their children moved out of the house. The Trustys were unhappy with the condition of the

---

[1]In the absence of a factual record, we have endeavored to piece together the pertinent facts from the papers filed in the trial court.

property when they regained possession and filed a civil warrant in the Smith County General Sessions Court seeking damages. Following a hearing on January 21, 1999, the general sessions court awarded the Trustys $3,600. Ms. Robinson and Mr. Grauherr appealed to the Circuit Court for Smith County and demanded a jury trial. On February 3, 2000, a six-person jury heard the evidence and awarded the Trustys a $4,500 judgment. The trial court entered a judgment on this verdict on February 18, 2000.

On March 20, 2000, Ms. Robinson and Mr. Grauherr filed a motion for new trial citing a total of eight alleged errors either committed by the trial court or the Trustys' lawyer. Following a May 12, 2000 hearing, both parties submitted proposed orders denying the motion for new trial.[2] The trial court signed the order prepared by the Trustys' lawyer denying the motion for new trial, and this order was filed on May 26, 2000. Ms. Robinson and Mr. Grauherr have now appealed to this court.

## I.
### THE RECORD ON APPEAL

This court has appellate jurisdiction only. Tenn. Code Ann. § 16-4-108(a)(1) (1994). Accordingly, our review power is limited to those factual and legal issues for which an adequate legal record has been preserved. *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976); *Trollinger v. Tennessee Farmers Mut. Ins. Co.*, Loudon Eq. No. 58, 1989 WL 22766, at * 2 (Tenn. Ct. App. Mar. 17, 1989) (No Tenn. R. App. P. 11 application filed); Tenn. R. App. P. 13(c). The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts. Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993); *Realty Shop, Inc. v. RR Westminister Holding, Inc.*, 7 S.W.3d 581, 607 (Tenn. Ct. App. 1999); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997).

The Tennessee Rules of Appellate Procedure prescribe the contents of an appellate record and instruct the parties regarding the steps to take to assure that the record on appeal contains all the information they will need to present factual and legal issues to an appellate court. Tenn. R. App. P. 24(a) identifies the papers filed in the trial court that will be presumptively part of the record on appeal and instructs the parties on how to supplement or abridge these papers. For those factual

---

[2]While the order prepared by the Trustys' lawyer is included in the record, the order prepared by the lawyer representing Ms. Robinson and Mr. Grauherr is not. Ms. Robinson and Ms. Grauherr have attempted to remedy this oversight by attaching an unauthenticated copy of their lawyer's draft order as an appendix to their appellate brief. While Tenn. R. App. P. 28 permits the use of appendices, it does not permit the parties to augment the appellate record with items that were not duly authenticated and transmitted to the appellate court in compliance with Tenn. R. App. P. 24 and 25. An appendix may only include items that have been included in the appellate record. *Stiller v. State*, 516 S.W.2d 617, 622 (Tenn. 1974); *State v. Price*, No. 01C01-9310-CC-00338, 1994 WL 151325, at *1 (Tenn. Crim. App. Apr. 28, 1994) (No Tenn. R. App. P. 11 application filed); *Hendersonville Wrecker Serv. v. Grubbs*, No. 86-214-II, 1986 WL 13503, at *2 (Tenn. Ct. App. Dec. 3, 1986) (No Tenn. R. App. P. 11 application filed). Accordingly, we decline to consider the draft order denying the motion for new trial prepared by the lawyer representing Ms. Robinson and Mr. Grauherr.

matters that cannot be gleaned from the papers filed with the court, Tenn. R. App. P. 24(a)(3) requires a transcript or statement of the evidence. Tenn. R. App. P. 24(b) prescribes the procedure for obtaining and filing the transcript of the proceedings, and Tenn. R. App. P. 24(c), (d) prescribe how to prepare and file a statement of the evidence or proceedings when a transcript is unavailable.

Tennessee's chancery and circuit courts are "courts of record." *Page v. Turcott*, 179 Tenn. 491, 503, 167 S.W.2d 350, 354 (1943) (circuit courts); *Massengill v. Massengill*, 36 Tenn. App. 385, 390, 255 S.W.2d 1018, 1020 (1953) (chancery courts). Being a court of record does not mean that these courts make and preserve a detailed record of all their proceedings, but rather indicates that these courts permanently preserve regular minutes of their orders, judgments, and other proceedings. *Allen v. McWilliams*, 715 S.W.2d 28, 29 (Tenn. 1986). Unlike the criminal courts that provide court reporters to preserve a record of all proceedings taking place in open court,[3] the circuit and chancery courts do not, as a general matter, make a record of all the proceedings while court is in session.[4] All lawyers litigating cases in Tennessee are charged with this knowledge. Thus, lawyers undertaking to represent civil litigants, be they indigent or wealthy, know that the onus of preserving a record of the proceedings, should they later desire to pursue an appeal, has been placed on them and their clients.

The judicial system is not unmindful of the expense of verbatim transcripts and the practical barrier this expense can create for indigents or even persons of moderate means who desire to pursue an appeal. Accordingly, Tenn. R. App. P. 24(c) empowers civil litigants to prepare a statement of the evidence or proceedings in lieu of a verbatim transcript. These statements may be prepared by the appellant's lawyer and may include an account of any evidentiary or procedural matter that the lawyer deems necessary for the purpose of an appeal. Tenn. R. App. P. 24(d) permits appellees to augment or correct these statements, and Tenn. R. App. P. 24(f) empowers trial courts to approve these statements and to resolve disputes regarding the accuracy of these statements should disagreements arise.

The lawyer representing Ms. Robinson and Mr. Grauherr has repeatedly stressed that his clients lack the financial resources to obtain a verbatim transcript of the proceedings in the trial

---

[3]The State employs court reporters in criminal proceedings to assure that indigent criminal defendants are not unconstitutionally deprived of their statutory right to appellate review of their convictions. Indigent criminal defendants must be provided as adequate appellate review as defendants who have enough money to purchase transcripts. *Eskridge v. Washington State Bd. of Prison Terms & Paroles*, 357 U.S. 214, 216, 78 S. Ct. 1061, 1062 (1958); *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S. Ct. 585, 590-91 (1956). With the exception of certain termination of parental rights proceedings, the State has no obligation to provide indigent civil litigants with transcripts for their appeal. *Ruff v. Raleigh Assembly of God Church, Inc.*, No. 02A01-9410-CV-00226, 1996 WL 9730, at *2 (Tenn. Ct. App. Jan. 9, 1996), *perm. app. denied* (Tenn. 1996); *Bynum v. Duncan*, Bradley Law No. 138, 1989 WL 128291, at *2 (Tenn. Ct. App. Oct. 30, 1989), *perm. app. denied* (Tenn. June 4, 1990).

[4]The only exceptions to this general rule are the two courts that have been formally included as part of the Tenn. S. Ct. R 26 pilot project in which videotape recordings have replaced written transcripts and the official court record.

court.  While he acknowledges that Tenn. R. App. P. 24 envisions that a statement of the evidence or proceedings will be the alternative to a verbatim transcript, he asserts that there are two reasons why his clients should be excused from filing a statement of the evidence or proceedings.  First, he argues that preparing and filing a statement of the evidence or proceedings would have been a useless exercise because the trial court would not have approved it.  Second, he argues that he was entitled to pursue another avenue for preserving a record of what transpired in the trial court.  We will take up each of these arguments in turn.

## A.
### THE PRESUMED FUTILITY OF PREPARING A TENN. R. APP. P. 24(C) STATEMENT

The lawyer representing Ms. Robinson and Mr. Grauherr claims that preparing a statement of the evidence or proceedings would have been a useless exercise because the trial judge would never have approved it.  He bases this startling assertion on two assumptions.  The first assumption is that the trial court would not have approved any statement of the evidence prepared on behalf of Ms. Robinson and Mr. Grauherr because the trial court had declined to sign the order denying their motion for new trial that their lawyer had prepared.  The second assumption is that trial courts will not approve a statement of the evidence or proceedings if its contents might reflect poorly on the court.  Neither of these assumptions warrants excusing Ms. Robinson and Mr. Grauherr from preserving an adequate record.

Public officials, including trial judges, are presumed to perform their duty in good faith, *Williams v. American Plan Corp.*, 216 Tenn. 435, 441, 392 S.W.2d 920, 923 (1965); *Cummings v. Beeler*, 189 Tenn. 151, 159, 223 S.W.2d 913, 916 (1949), and in accordance with the law.  *Dixon v. McClary*, 209 Tenn. 81, 91, 349 S.W.2d 140, 145 (1961).  Accordingly, a lawyer's subjective notion about how a trial judge might react to a statement of the evidence carries little weight on appeal.  As an appellate court, our role is to review what trial courts actually did, not what they might have done.  Thus, we will not hold a trial court in error with regard to an issue or matter that was never presented to it.  *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991); *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983); *Reid v. State*, 9 S.W.3d 788, 796 (Tenn. Ct. App. 1999).

We also note that counsel's expectation of what the trial court might have done had he prepared and submitted a statement of the evidence or proceedings is thoroughly unfounded.  The trial court's decision to sign the order denying the motion for new trial prepared by the Trustys' lawyer rather than the order prepared by the lawyer for Ms. Robinson and Mr. Grauherr indicates nothing more than that the trial court preferred one order over the other.  The trial court had no obligation to sign a lengthy order reciting the arguments of counsel and the basis for the trial court's decision to deny the motion for new trial.  Accordingly, we will not take a trial court to task for signing an order that correctly reflects its denial of the motion for new trial.

By the same token, we give little weight to the notion that preparing a statement of the evidence would have been futile because the trial court would not have approved any statement of

the evidence that cast it in a bad light. Trial courts have a mandatory obligation to approve a timely statement of the evidence or proceedings that conveys a fair, accurate and complete account of the events in the trial court that are germane to the issues to be raised on appeal. *State v. James*, No. 87-49-III, 1988 WL3630, at *1 (Tenn. Crim. App. Jan. 20, 1988), *perm. app. denied* (Tenn. May 31, 1988). In any event, if the trial court declined to act on a proffered statement of the evidence or proceedings, the statement would be automatically approved after thirty days in accordance with Tenn. R. App. P. 24(f) unless the appellee objected to its contents. In the unlikely event that the trial court inappropriately removed or disallowed all or part of the properly prepared statement of the evidence or proceedings, the party preparing the statement of the evidence could take the matter up with this court pursuant to Tenn. R. App. P. 24(e).

### B.
### ALTERNATIVE WAYS TO PRESERVE A RECORD OF THE PROCEEDINGS

Ms. Robinson and Mr. Grauherr also assert that providing a verbatim transcript or a statement of the evidence are not the only ways to preserve a record of the proceedings in the trial court. They insist that a record of the proceedings may also be preserved by requiring trial courts to prepare orders that recite in detail the issues being addressed by the order, the parties' arguments with regard to these issues, and the trial court's reasoning and decision with regard to each of these issues. Even if we were to presume that the contents of such orders could provide acceptable evidence of the proceedings in the trial court, we know of no basis for requiring trial courts to enter orders such as those envisioned by Ms. Robinson and Mr. Grauherr. Unless required to do so by statute or rule, trial courts are not required to make findings of fact and conclusions of law with regard to their dispositions of motions. Tenn. R. Civ. P. 52.01. Therefore, in the absence of a rule or statute, we decline the invitation to require the trial courts to include detailed findings of fact and conclusions of law in every order disposing of a motion.

### II.
### THE EFFECT OF THE RECORD ON OUR REVIEW OF THE SUBSTANTIVE ISSUES

Because Ms. Robinson and Mr. Grauherr have not filed either a transcript or a statement of the evidence or proceedings in the trial court, our consideration of the issues they have raised must be limited to the papers filed in the trial court that compromise what is traditionally referred to as the technical record.[5] If the alleged errors they seek to raise are not reflected in these papers, they cannot be considered on this appeal. *Murray Ohio Mfg. Co. v. Vines*, 498 S.W.2d 897, 900 (Tenn. 1973); *Parks v. Van Dergriff*, 57 S.W. 177, 179 (Tenn. Ch. App. 1900).

The three substantive issues Ms. Robinson and Mr. Grauherr seek to raise involve the conduct of the Trustys' lawyer during the trial and the trial court's supplemental instructions to the

---

[5]The Trustys did not file a Tenn. R. App. P. 26(b) motion to dismiss this appeal for failure to file a transcript or statement of the evidence.

jury. They allege that the Trustys' lawyer exercised a peremptory challenge for an impermissible, racially discriminatory reason, and that during his opening argument, he improperly alluded to the fact that they had lost in general sessions court. They also allege that the trial court improperly responded to the jury's inquiry about joint and several liability.

Reviewing the substance of these issues would require us to undertake a detailed and precise analysis of what occurred in the trial court. This analysis would involve not only the acts or conduct at issue, but also the timing and nature of the objections to these acts and the trial court's response to these objections. The technical record in this case contains none of this evidence. Without a record of the proceedings, we cannot consider the manner in which the Trustys' lawyer exercised the peremptory challenge. *State v. Thompson*, No. 01C01-9812-CR-00490, 2000 WL 283878, at *4 (Tenn. Crim. App. Mar. 17, 2000) (No Tenn. R. App. P. 11 application filed); *see also Heffernan v. Home Depot USA, Inc.*, 486 S.E.2d 51, 53 (Ga. Ct. App. 1997); *Smith v. Central Ill. Pub. Serv. Co.*, 531 N.E.2d 51, 61 (Ill. Ct. App. 1988). Likewise, we cannot consider the arguments and remarks of the Trustys' lawyer, *Conlee v. Bost Eng'g Co.*, 541 S.W.2d 601, 604 (Tenn. Ct. App. 1976); *Holmes v. American Bakeries Co.*, 62 Tenn. App. 601, 609, 466 S.W.2d 502, 505 (1970), or the trial court's instructions. *Louisville & Nashville RR. v. Smith*, 123 Tenn. 678, 701-02, 134 S.W. 866, 872 (1911); *Norman v. Prather*, 971 S.W.2d 398, 401 (Tenn. Ct. App. 1997); *Stafford v. Stafford*, 1 Tenn. App. 477, 483 (1926). Accordingly, in the absence of a transcript or statement of the evidence, we have no alternative other than to affirm the judgment.

## III.
### DAMAGES FOR A FRIVOLOUS APPEAL

As a final matter, we address the Trustys' motion during oral argument for frivolous appeal damages in accordance with Tenn. Code Ann. § 27-1-122 (2000). Parties should not be forced to bear the cost and vexation of baseless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, the General Assembly enacted Tenn. Code Ann. § 27-1-122 in 1975 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding. *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984); *McDonald v. Onoh*, 772 S.W.2d at 914; *Fields v. Fields*, No. 86-131-II, 1987 WL 7332, *3 (Tenn. Ct. App. March 6, 1987) (No Tenn. R. App. P. 11 application filed).

We do not question the earnestness of Ms. Robinson and Mr. Grauherr or their lawyer in pressing this appeal. We have no basis for concluding that their purpose here is to delay the day when they will be required to pay the judgment. However, because of the absence of an adequate record, we can reach no conclusion other than that there was never a reasonable chance that this appeal could succeed. Thus, notwithstanding the sincerity of Ms. Robinson and Mr. Grauherr, the Trustys should not have been put to the time and expense of this appeal. Accordingly, we find that this appeal is frivolous and remand the case to the trial court to determine the just amount of the Trustys' damages, which may include the reasonable legal expenses and costs they incurred as a result of this appeal.

**IV.**

We affirm the judgment and remand the case to the trial court for the purpose of awarding the Trustys damages pursuant to Tenn. Code Ann. § 27-1-122 and for any other matters that are appropriate. We tax the costs of this appeal, jointly and severally, to Capri Robinson and David Grauherr and their surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE