IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 18, 2011

## LESA C. WILLIAMS, ET AL. v. RENARD A. HIRSCH, SR.

**Appeal from the Chancery Court for Davidson County**
**No. 09425III      Hamilton V. Gayden, Jr., Judge**

**No. M2010-02407-COA-R9-CV - Filed January 25, 2011**

This application for an interlocutory appeal concerns a client's standing to seek a declaratory judgment regarding the amount of fees to be paid to one of the three attorneys who represented her in a personal injury suit. The trial court dismissed the client's complaint for lack of standing but granted the client permission to appeal pursuant to Tenn. R. App. P. 9. We concur with the trial court that an interlocutory appeal will prevent needless, expensive and protracted litigation. We also conclude that the client has a real interest in the litigation, and we thus reverse the trial court's order dismissing the client's complaint.[1]

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the**
**Chancery Court Reversed**

PATRICIA J. COTTRELL, P.J., M.S., FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ.

Winston S. Evans, Nashville,Tennessee, for the appellants, Lesa C. Williams, et al.

Gary Marcel Kellar, Brentwood, Tennessee, for the appellee, Renard A. Hirsch, Sr.

---

[1] The application and answer fully set forth the parties' positions and the relevant facts. Accordingly, we dispense with the filing of a record and with further briefing in order to save the parties additional time and expense. Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25, and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

# OPINION

## I.

On October 1, 2005, Lesa C. Williams and her family were involved in a tragic motor vehicle accident. Following the accident, Ms. Williams, through her conservators, contacted attorney Aundreas Smith, a family friend with whom Ms. Williams shares a common sister-in-law, concerning the possibility of filing a personal injury lawsuit. Ms. Smith was employed at the time by Smith, Hirsch, Blackshear and Harris, PLC, and Ms. Williams eventually retained both Ms. Smith and Renard Hirsch, a partner at Smith, Hirsch, Blackshear and Harris, to represent her. The retainer agreement entered into by the parties provided that Ms. Williams would pay Ms. Smith and Mr. Hirsch a one-third contingency fee. Ms. Smith and Mr. Hirsch filed suit on behalf of Ms. Williams and her family on December 30, 2005.

Ms. Smith left Smith, Hirsch, Blackshear and Harris, PLC in April of 2006. In October of 2006, the parties decided to associate Phil Elbert of Neal and Harwell, PLC to serve as lead counsel in the case. The agreement, signed by all three counsel and Ms. Williams, states that Neal and Harwell would receive 50% of the one third continency fee.

During the course of the litigation, Ms. Williams grew closer with Ms. Smith. At the same time, however, Ms. Williams became dissatisfied with Mr. Hirsch's representation. On January 3, 2008, Ms. Williams requested that Mr. Hirsch withdraw as counsel of record. Mr. Hirsch complied and, in March of 2008, filed a Notice of Attorney's Lien claiming "an undivided fifty percent of one-third of the total recovery." On May 22, 2009, the trial court approved a settlement awarding Ms. Williams a substantial recovery.

On March 5, 2009, Ms. Williams filed the current suit seeking a declaratory judgment that Mr. Hirsch is not entitled to recover any fee whatsoever, or, in the alternative, that Mr. Hirsch is entitled to be compensated only at a reasonable hourly rate. Mr. Hirsch filed an answer asserting as an affirmative defense that Ms. Williams lacked standing. On November 5, 2009, Mr. Hirsch filed a motion for summary judgement asserting, in part, that Ms. Williams lacked standing because she had not sustained a distinct and palpable injury and she will owe attorney fees in the amount of one-third of her recovery regardless of how much of that fee Mr. Hirsch is entitled to receive. On January 27, 2010, the trial court granted Ms. Smith permission to file an intervening complaint seeking a declaratory judgment similar to the one sought by Ms. Williams. The trial court then dismissed Ms. Williams from the action for lack of standing on September 14, 2010. On November 12, 2010, the trial court denied Ms. Williams's subsequent motion to alter or amend the judgment, but granted her permission to appeal pursuant to Tenn. R. App. P. 9.

## II.

Declaratory judgment actions are governed by Tenn. Code Ann. § 29-14-101et seq. Tenn. Code Ann. § 29-14-103 provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

While the declaratory judgment statutes are to be construed liberally, Tenn.Code Ann. § 29-14-113, declaratory relief is available only to parties who have a real interest in the litigation. *Memphis Publishing Co. v. City of Memphis,* 513 S.W.2d 511, 512 (Tenn.1974); *Dobbs v. Guenther*, 846 S.W.2d 270, 275 (Tenn. Ct. App. 1992). Mr. Hirsch asserts Ms. Williams does not have a real interest in the litigation because she will owe the same amount of attorney fees regardless of how much of that fee Mr. Hirsch is entitled to receive. We disagree. The filings before this court demonstrate that Ms. Williams has a real interest in the litigation under Tenn. Code Ann. § 29-14-103.

There is no dispute that Mr. Hirsch claims he is entitled to payment of attorney fees from funds currently owned by Ms. Williams. Ms. Williams seeks a declaratory judgment regarding her obligation to pay Mr. Hirsch the fees demanded. Under these circumstances, we hold that Ms. Williams is an "interested" person within the meaning of Tenn. Code Ann. § 29-14-103. The fact that Ms. Williams will be obligated to pay the same amount to another party if she does not pay Mr. Hirsch does not change her status as an interested party. Likewise, the fact that Ms. Williams's funds are being held by a third-party is irrelevant. It is from Ms. Williams's funds that Mr. Hirsch is seeking payment, and Ms. Williams has a real interest in whether those funds are paid and to whom those funds are paid. Indeed, if Ms. Williams were not a party to this suit, any declaration by the trial court would not be binding on her, Tenn. Code Ann. § 29-14-107, and would be useless to Mr. Hirsch in any subsequent attempt to obtain payment from her funds.

## III.

The Tenn. R. App. P. 9 application for permission to appeal is hereby granted. The trial court's September 14, 2010 order dismissing Ms. Williams's complaint for lack of standing is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. Renard A. Hirsch and his surety are taxed with the costs for which execution may issue.

PER CURIAM